**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GENERAL MOTORS LLC** | * | |
| *Petitioner* | * | |
| v. | * | Civil Case No: 1:26-cv-02577-JRR |
| **KEISHA DRUMWRIGHT, *et al.*** | * | |
| *Respondents.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

<u>**MEMORANDUM OPINION AND ORDER**</u>

Today the Court held a hearing regarding General Motors LLC's ("GM") Emergency Petition For An Order To Preserve Evidence (the "Petition") pursuant to Rule 27 of the Federal Rules of Civil Procedure. At the hearing, the parties indicated that they had, for the most part, reached agreement regarding the vehicle inspection planned for July 15, 2026 along the lines of what the Court had suggested in its prior order in this case. (ECF No. 3 at 2).[1]

In summary, the parties will use July 15, 2026 to inspect and document the vehicle, while saving any further analysis (e.g. potential removal and analysis of parts and components) for a second inspection. For purposes of the July 15, 2026 inspection, the parties have agreed on the protocol set forth in Exhibit J to GM's petition without Step 6 (beyond potentially the "check oil" first item of Step 6 if circumstances allow).

There are two remaining items of disagreement regarding the July 15 inspection. Respondent seeks to temporarily remove the vacuum pump cover and master cylinder cover to

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. If there are none, the Court is referring to the page number of the PDF.

allow for inspection and photography before replacing both.  Respondent has argued that such temporary removal may allow its expert to conclude his analysis completely and eliminate the need for the second inspection.  Respondent indicated that under such circumstances, its expert would not need to attend any further inspection that GM might want to perform.

For its part, GM worries that the removal of these two covers in the yard where the vehicle is currently housed might allow contamination and/or the loss of certain fluids depending on the post-crash condition of the vehicle.  GM instead wants to wait until the second inspection before such removal takes place.

The Court is mindful of the period of time that has already elapsed after the crash, as well as the expense associated with having the Respondent's expert travel for a second inspection that might otherwise be avoided by removing the covers on July 15, 2026.  On the other hand, if this removal is potentially so important that it could solve the mystery of the cause of the crash, the Court is wary of letting that removal happen outside of an appropriate facility.  Accordingly, the Court orders that the removal of the two covers not be performed on July 15, 2026, and instead be deferred until the second inspection.  The Court further orders that the second inspection take place on or before September 15, 2026.  The Court further orders that GM reimburse Respondent for Respondent's expert's airfare and travel time between his point of departure and landing.

Finally, the Court understands that the parties have not yet finalized a protocol for the second inspection.  As before, the Court suggests that the parties and their experts are in the best position to devise such a protocol given their expertise on these issues, and the Court hopes that after the July 15, 2026 mutual inspection, that a protocol for the second examination can be finalized.  If, however, the parties need the Court's assistance in finalizing that protocol, they should alert the Court.

The Court greatly appreciates the parties' ability to work cooperatively and narrow their differences prior to today's hearing.

/s/

J. Mark Coulson
United States Magistrate Judge
July 9, 2026