**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GENERAL MOTORS LLC** | * | |
| *Petitioner* | * | |
| v. | * | Civil Case No: 1:26-cv-02577-JRR |
| **KEISHA DRUMWRIGHT, *et al.*** | * | |
| *Respondents.* | * | |

* * * * * * * * * * * *

**PRELIMINARY OPINION AND ORDER IN ADVANCE OF HEARING**

This matter concerns preliminary pre-suit testing of a GM vehicle involved in a fatal collision. The parties have previously been before the Court in an attempt to agree on a protocol for that testing. On July 9, 2026, after a hearing, the Court issued its Memorandum Opinion and Order whereby the parties would conduct a nondestructive examination of the vehicle on July 15, 2026, with a second inspection to take place on or before September 15, 2026 based on a protocol that the parties could agree on. (ECF No. 11 at 2). The Court has emphasized throughout this matter that the parties and their respective experts are in the best position to develop that protocol rather than the Court. (ECF No. 3 at 2; ECF No. 11 at 2).

The parties conducted the July 15, 2026 inspection but have been unable to agree on a protocol for the second inspection despite the Court's prior encouragement. The Court has reviewed their respective briefing on the issue. (ECF Nos. 12, 15 and 16). The Court has scheduled a hearing for October 29th, 2026. (ECF No. 17).

In advance of that hearing however, the Court has some preliminary observations that it hopes will allow the parties to come to their own agreement regarding a testing protocol to make Court intervention unnecessary. First, the Court's lay understanding of one of GM's arguments is

that because the vehicle's "black box" sensor information does not indicate that brakes were applied prior to the accident, respondents' proposed detailed examination and disassembly of braking components is unnecessary. GM no doubt has a good faith basis for such assertion, however respondents have indicated that such data may be corrupted or at least may not be definitive in accidents of great kinetic force such as this one. As this is the inspection stage, the Court need not determine who is more correct on the issue; GM's argument will not limit the inspection.

That said, GM has also raised the issue that some of respondents' proposed testing, including disassembly of the master cylinder and vacuum pump, would be destructive and would prevent other testing that GM proposes, including placing the vacuum pump in an exemplar vehicle to test its function. While respondents take issue with that assertion, the Court again need not determine which side has the better argument in the context of an inspection. Instead, the Court's focus is whether the sequence of testing by each side allows each to gather the information necessary given their respective theories of the accident. To the Court, GM's protocol does not endanger anything of respondents' protocol, while the reverse is not true (at least according to GM). To this end, the Court suggests the parties consider following GM's protocol first, and then, as necessary, pursue respondents' suggested protocol to the extent not incorporated into GM's. The Court recognizes as a practical matter, that this could mean two (or possibly more) separate inspection dates.

With this guidance, the Court once again orders the parties to confer, preferably in person, with an eye towards reaching agreement. In the absence of such agreement, the Court will address any remaining issues at the scheduled hearing. Should the parties mutually agree that the scheduled hearing is unnecessary, they should alert the Court as soon as possible.

/s/

J. Mark Coulson
United States Magistrate Judge
October 16, 2026