**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **GENERAL MOTORS LLC** | * | |
| *Petitioner* | * | |
| v. | * | Civil Case No: 1:26-cv-02577-JRR |
| **KEISHA DRUMWRIGHT, *et al.*** | * | |
| *Respondents.* | * | |

* * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

This is a matter filed by Petitioners, General Motors ("GM"), pursuant to Rule 27 of the Federal Rules of Civil Procedure to preserve evidence pre-suit that could be the subject of a future lawsuit by Respondents, namely, a motor vehicle involved in a fatal collision. (ECF No. 1).

## I. BACKGROUND

The initial petition in this case was filed on June 26, 2026. (ECF No. 1). After a July 9, 2026, hearing, the Court ordered an initial nondestructive examination of the subject vehicle that took place on July 15, 2026. (ECF No. 11). At the time, the Court contemplated a second more invasive inspection to take place on or before September 15, 2026, and instructed the parties to attempt to agree upon a protocol for that second inspection. *Id.* The parties have been unable to do so, resulting in Respondents filing a Motion to Enforce on September 21, 2026). (ECF No. 12). GM opposed the motion and Respondents have replied. (ECF Nos. 15 and 16). The Court issued a preliminary opinion and order on October 16, 2026, providing its preliminary guidance

on the issue and again asking the parties to try to agree upon a protocol. (ECF No. 18). They could not agree. Accordingly, a hearing was held on October 29, 2026.

## II. ANALYSIS

It is important to remember the procedural posture of this matter. Although it takes place against the backdrop of a tragic motor vehicle crash caused by what Respondents suspect was a vehicle defect (which suspicion has been conveyed to GM), no lawsuit has been filed and no specific alleged defect has been articulated.[1] That said, the parties expressed mutual interest in examining and documenting the vehicle, some of which took place on July 15, 2026 pursuant to slightly competing inspection protocols that ultimately were blended into one by the Court. (ECF No. 11). The chief point of contention at that time was Respondents' desire to loosen the covers of both the master cylinder and vacuum pump enough to allow for visual inspection underneath. Respondents argued that such steps might allow their expert to get all the information he needed so as to avoid the need to attend future inspections. For its part, GM expressed concern that taking those steps at an outside storage lot rather than an enclosed inspection environment might allow contamination of those components. The Court agreed, saving those steps for a second inspection to take place in an appropriate facility (to minimize the expressed concern regarding contamination) on or before September 15, and instructing the parties to confer regarding a protocol for a second inspection to allow for the visual inspection of

[1] To the contrary, although Respondents' proposed inspection focuses on the multiple components of the vehicle's braking system, Respondents would not agree to limit their defect theory to the vehicle's braking system or unintended acceleration but preserve all potential theories for any ensuing lawsuit. (ECF No. 16). While that is certainly understandable, it reinforces GM's concern that destructive testing at this stage could undermine its ability to defend a future lawsuit based on a theory of defect yet to be anticipated or asserted.

the master cylinder and vacuum pump after loosening of their respective covers as requested. (ECF No. 11).

Although the initial inspection went forward on July 15, 2026, as planned, the parties have been unable to agree on a protocol for the second contemplated inspection. GM has proposed a protocol with certain additional steps including some proposed by Respondents, but will not agree to all of the Respondents' request, arguing that those steps will result in the destruction of key components that could be vital to its defense in a future lawsuit, depending on Respondents' theory of defect. GM argues that instead, those components should be preserved intact and await future testing once a lawsuit has been filed and a defect theory articulated. This is consistent with GM's original intent in filing this matter: to largely preserve the status quo of the condition of the vehicle pending the filing of the anticipated lawsuit, with the exception of those steps set forth in its protocol.

The Court notes however that GM now objects to the loosening of the covers of the vacuum pump and master cylinder to allow visual inspection underneath, something specifically contemplated for the second inspection by the Court's prior decision as articulated at the initial hearing of this matter and subsequent order. (ECF No. 11 at 2). At the first hearing, GM's objection to that process centered on the potential for contamination that could occur if that process went forward in "the field." Thus, the Court ordered that the second inspection allowing for loosening of those covers to as to allow a visual examination underneath would go forward at a GM dealership such that that concern has been addressed. The Court also was mindful of Rule 1's instruction that these rules be administered to effectuate the just, speedy and efficient determination of matters before the Court, such that the Court placed particular weight on

Respondents' assertion that incorporating these two steps into the second inspection may well save Respondents from the future time and expense of additional inspections.

GM was unable to convincingly articulate in its opposition and at today's hearing the basis for its new assertion that those steps, even if undertaken in a controlled environment, will "destroy" the master cylinder and vacuum pump. Accordingly, GM will incorporate those two steps (i.e., loosening the covers of both the master cylinder and vacuum pump to allow visual inspection underneath) into its proposed protocol (ECF No. 15-4) to occur after GM performs the other steps in its protocol to include, if it wishes, placing the vacuum pump and/or master cylinder in an exemplar vehicle for testing. To be clear however, these two steps are to take place at some point during the next examination session, tentatively scheduled to begin on December 10, 2026. The parties are, of course, free to pursue any other steps mutually agreed upon, either on December 10 or at a subsequent inspection.

To be clear, as discussed at the hearing, Respondents are taking a calculated risk in pursuing these two steps. To the extent they result in spoliation of evidence necessary to GM's ultimate defense in a future lawsuit, the trial court may find it appropriate to impose appropriate sanctions depending on the circumstances. That is, the undersigned's approval of incorporating these steps into the protocol is strictly at Respondents' behest and over the objection of GM and shall not inoculate Respondents from such arguments if their assertion that such steps are benign proves to be incorrect.

## III. CONCLUSION

Accordingly, Respondents' motion is GRANTED IN PART to the extent consistent with what the Court has articulated herein.

J. Mark Coulson
United States Magistrate Judge
October 29, 2026